FILED
May 01 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Chad Andrew CARTER | ) | Case No.  3:20MJ70517MAG |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 4, 2018__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 2252(a)(4)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.

Approved as to form  *David J. Ward*
 AUSA  _____David J. Ward_____

/s/
*Complainant's signature*
Michael O'Leary, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  April 30, 2020

*Judge's signature*

City and state:  San Francisco, California

Hon. Thomas S. Hixson
*Printed name and title*
U.S. Magistrate Judge

Print    Save As...    Attach    Reset

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Michael O'Leary, being duly sworn, hereby state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I submit this affidavit in support of a Criminal Complaint and Arrest Warrant for Chad Andrew Carter ("CARTER"). Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that Chad Andrew CARTER has violated 18 U.S. § 2252(a)(4)(B) (Possession of Child Pornography).

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

3. I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since October of 2017. I am currently assigned to the Office of the Special Agent in Charge, San Francisco (SAC/SF). During my career with HSI, I have received specialized training in a variety of investigative disciplines including, but not limited to, child exploitation, alien smuggling, narcotics smuggling, weapons trafficking, and organized criminal activity. In those matters, I have submitted probable cause statements in the form of sworn affidavits to federal magistrate judges in the Northern District of California. I have also participated in the execution of various arrests and search warrants in which business and personal documents, computers, phones, hard drives and other evidence of federal crimes, including child pornography and child exploitation offenses, have been seized.

## APPLICABLE LAW

4. I know it is a violation of Title 18 U.S.C. § 2252(a)(4)(B) for any person to knowingly possess matters which this individual knows contain visual depictions of minors engaged in sexually explicit conduct, knowing that the production of such visual depictions involved the use of a minor in sexually explicit conduct, and that the visual depictions had been either transported in interstate or foreign commerce, or produced using material that had been

1

transported in interstate or foreign commerce, by computer or other means.

## FACTS ESTABLISHING PROBABLE CAUSE

**I.      Introduction**

5.      In December 2015, a Homeland Security Investigations agent in Phoenix, Arizona, acting in an undercover capacity, created an account on the online video-conferencing and photo and video-sharing platform Zoom Inc.

6.      On December 2, 2015, the HSI agent entered a Zoom chat room that he believed was being used by individuals to distribute and discuss child pornography. Once in the chat room, the agent observed an individual using the handle "TopRod" display and stream videos depicting hardcore child pornography. The agent was able to record this video, along with messages and other activity. The images he observed included naked prepubescent males engaging in oral and anal sex with other prepubescent males, as well as with adults (and in one case, a dog).

7.      The undercover agent communicated by private message with "TopRod." In the messages, TopRod stated "that boy enjoys dick, great," and "he hungry" and "well practiced on that dick." The undercover then asks TopRod if he knows how old the boys are in one video, to which TopRod replies ""11, 10, 5 and dad joins in a bit ;) in case you want to wait to pop your nut." During the streaming of one of the videos, TopRod posted a message to the group "11, 10, 5, not sure about dad."

8.      On December 17, 2015, Zoom was served with an administrative subpoena for subscriber and login information related to the meeting rooms. Subpoena returns showed that "TopRod" accessed Zoom using IP address 73.223.180.30. That IP was registered to Comcast Cable Communications. In response to a subpoena, Comcast identified the account holder for that IP address at that time as CARTER, with an address of 868 Shotwell St., Apt. 4, San Francisco, CA, 94110. The email associated with the account was CHADCARTER2012@comcast.net.

9. HSI agents reviewed Clear database records and determined that CARTER listed 868 Shotwell St. as his current address, and had resided at that address since around January 2012. DMV records showed that a 2005 Mini was registered to CARTER at the Shotwell St. address, and that his California Driver's License also listed the Shotwell address.

10. On December 13, 2017, HSI agents conducted surveillance on 868 Shotwell St., and observed the 2005 Mini registered to CARTER parked on the street approximately 100 feet north of the Shotwell address.

11. On December 29, 2017, U.S. Magistrate Judge Elizabeth LaPorte signed a federal search warrant for 868 Shotwell St.

12. On January 4, 2018, HSI agents executed the warrant. They seized various electronic devices, including 15 hard drives, an iPad, a Samsung tablet, three iPhones, one iPad Mini, a thumb drive, two Lenovo laptops, an Apple MacBook laptop, an Asus laptop, two iPhones, 104 Optical Disks, and other computer equipment. At the residence at the time were CARTER and a second male, Individual #1, who identified himself as CARTER's boyfriend.

13. CARTER was interviewed on the day the search warrant was executed. CARTER confirmed that he lived at 868 Shotwell St. Carter said he works as a network support engineer for a company called Carmel Inc. that builds and manages multi-family properties.

14. CARTER said that the Apple MacBook laptop and two or three of the Lenovo laptops were his, as was the desktop computer. He also stated that he was currently using an iPhone 8, and in his residence were two older phones he had used. CARTER refused to provide passwords for any of the devices.

15. CARTER said that no one else uses the desktop or the laptops.

16. CARTER confirmed that his ISP was Comcast, and that the subscription was in his name. CARTER further stated that he uses his own router because Comcast allows a public access point, and that his Wi-Fi is password protected.

17. During his interview, CARTER said that he used BitTorrent to download large amounts of pornography, and would save that pornography on his desktop and on network

storage device that connected to his home network. CARTER denied possessing child pornography. CARTER said he has only viewed child pornography enough to realize the content of the files, then deleted them.

18. During the interview, CARTER was told that the search warrant was to search specifically for child pornography. CARTER remarked that he had a lot of pornography, and then stated that "I guess I must have downloaded something that was questionable."

19. Individual #1 was also interviewed the same day. Individual #1 said he primarily accesses the internet from his phone, and had an ASUS laptop. He provided the password for that device to HSI. HSI later analyzed this device and found no child pornography.

20. Individual #1 recalled CARTER had used the username "TopRod" on BarebackRT.com, an online hook-up site.

21. HSI Computer Forensic Agents reviewed the seized devices and identified approximately 3,077 image files and 469 video files.

22. The images were submitted to the National Center for Missing and Exploited Children (NCMEC), which keeps numerical hash values (a numerical identifier of an image) for known child pornography images and videos.

23. NCMEC analyzed the images and reported that 180 image files and 2 video files came from known child pornography series that were produced in Australia, Brazil, France, Germany, Russia, the UK, and in the United States (in Florida, Kentucky, Massachusetts, and Pennsylvania).

24. The images and videos included multiple photos and videos with prepubescent males. The child in at least one of the images has been identified by NCMEC as a three to five year old. The photograph was produced in Australia. The images and videos contain sadistic and masochistic content, including items associated with bondage and other violent conduct.

25. Images determined to be child pornography were found on hard drives and a Lenovo laptop seized from CARTER's residence.

**CONCLUSION AND REQUEST FOR SEALING**

26. Based on the information above, I believe probable cause exists for the issuance of a criminal complaint and arrest warrant for CARTER for Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

1. I further request that the Court order that all papers in support of this application, including this affidavit, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to the target or other subjects of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, giving the target an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully Submitted,

/s/
MICHAEL O'LEARY
Special Agent, HSI

Subscribed and sworn to me on this  30th  day of April 2020.

HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE