UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHAD ANDREW CARTER,<br><br>　　　　　　Defendant. | Case No. 20-cr-00253-VC-1<br><br>**ORDER REVISING STANDARD CONDITIONS OF RELEASE RELATED TO COMPUTER AND INTERNET USE FOR CHILD PORNOGRAPHY OFFENDERS** |

　　　　The Northern District of California's standard conditions of supervised release for child pornography offenders impose numerous restrictions on an offender's use of computers and access to the internet. The defendant in this case, who was convicted of possessing child pornography, objected to three of these conditions on the grounds that they were not reasonably related to the goals of deterrence, public protection, or rehabilitation, and involved a greater deprivation of liberty than was reasonably necessary. *See United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006); *see also* 18 U.S.C. § 3583(d).

　　　　The Court agrees that these standard conditions are overly restrictive (as well as confusing), and has revised conditions 5, 6, and 7 in response to the defendant's objections. These revisions are not as comprehensive as the defendant originally requested, but they were adopted in consultation with the Probation Office, defense counsel, and the government, after all parties involved had an opportunity to review and comment on the proposed revisions.

　　　　The standard conditions define "computer" by incorporating the definition from 18 U.S.C. § 1030(e), which provides a vague and overbroad definition of "computer" that includes

indisputably non-problematic devices such as calculators, smart refrigerators, and VoIP phones.[1] *See United States v. Peterson*, 776 F. App'x 533, 534 (9th Cir. 2019). There is, of course, a need to define "computer" at a high enough level of abstraction to account for rapidly evolving technology, but the definition should not be so expansive so as to include devices that could never be used to view or solicit child pornography. *See United States v. Lupold*, 806 F. App'x 522, 526 (9th Cir. 2020).

In addition, the internet has become, for many people, a primary source of news and social interaction, and a primary means of buying food, looking for jobs, and booking transportation. *See Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017); *United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016). Partially in recognition of the internet's growing importance, the Second, Third, Seventh, Eighth, and Tenth Circuits have all held that conditions of release banning internet use (or conditioning use on the prior approval of a probation officer) are unreasonable. *See United States v. Sofsky*, 287 F.3d 122, 126-27 (2d Cir. 2002); *United States v. Freeman*, 316 F.3d 386, 391-92 (3d Cir. 2003); *United States v. Holm*, 326 F.3d 872, 877-79 (7th Cir. 2003); *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005); *United States v. Blair*, 933 F.3d 1271, 1275-1280 (10th Cir. 2019). The role that the internet plays in society has dramatically increased even in the last twenty years, and will undoubtedly continue to change in unforeseen ways in the future. The restrictions imposed on child pornography offenders must account for these changes. *See Blair*, 933 F.3d at 1277.

Accordingly, for this defendant, and for future child pornography offenders sentenced by the undersigned judge, the standard conditions of supervised release 5, 6, and 7, will be replaced with the following language:

---

[1] Section 1030(e)(1) defines computer as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device."

5. You must enroll in the Computer Internet Monitoring Program (CIMP) and abide by the requirements of the CIMP Participation Agreement. You may not use or possess any computer that is not subject to the CIMP without prior permission of the probation officer. For purposes of these conditions of supervised release and your participation in CIMP, "computer" means any electronic device capable of accessing or storing images or video.

6. You must also abide by the requirements of the Computer & Internet Acceptable Use Contract, subject to the following limitations.

For purposes of the Acceptable Use Contract, "computer" means any electronic device capable of accessing or storing images or video.

With respect to the Acceptable Use Contract's prohibition on "online pornography" without prior approval of the probation officer, "pornography" means "any materials with depictions of sexually explicit conduct, as defined by 18 U.S.C. § 2256(2)."

The Acceptable Use Contract shall not be used to prevent you from doing any of the following:

- Maintaining a profile on social networking sites, so long as any social networking activity occurs only on a monitored computer.

- Accessing an email account, so long as the email account is subject to monitoring or is for work with the prior approval of a probation officer.

- Establishing a personal or business website, including online "blogs," so long as the website or blog is accessed only on a monitored computer.

- Using videoconferencing services, so long as the videoconferencing occurs only on a monitored computer or at work with the prior approval of a probation officer.

- Accessing chat rooms or other online environments allowing for real-time interaction with others, website message boards, or newsgroups, so long as this activity occurs only on a monitored computer.

- Selling/purchasing or offering to sell/purchase items over the Internet, including on Internet auction sites, so long as this activity occurs only on a monitored computer.

The probation officer shall not impose any special restrictions not listed in the Acceptable Use Contract without court approval.

7. As directed by the probation officer, you must warn your employer of any restrictions on your computer use.

**IT IS SO ORDERED.**

Dated: April 5, 2021

_____
VINCE CHHABRIA
United States District Judge